**James Wiley CRAFT, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 98–SC–371–KB.

Supreme Court of Kentucky.

June 18, 1998.

James Wiley Craft, Whitesburg, for movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, for respondent.

## OPINION AND ORDER

James Wiley Craft, of Whitesburg, moves for the termination of this Kentucky Bar Association (KBA) disciplinary proceeding against him by resigning under terms of disbarment pursuant to SCR 3.480(3). The KBA joins movant's motion to resign under terms of disbarment. For the reasons set forth below, his motion is granted.

Movant was temporarily suspended from the practice of law by this Court "pursuant to SCR 3.166 effective from January 9, 1998 until suspended by a subsequent order." Opinion and Order, 98–SC–25–KB, Feb. 19, 1998. Movant's temporary suspension and his current motion arise from the same set of facts. Ms. Patricia Sparks hired Movant to pursue a wrongful death action for the death of her son. Movant failed to obtain an order appointing Ms. Sparks administratrix of her son's estate in a timely fashion. Because movant's failure in this regard threatened the dismissal of Ms. Sparks wrongful death suit in federal court, movant and then District Judge Larry Collins created an "Order Appointing Administratrix," and backdated it so that it would appear that movant had properly and timely obtained appointment of Ms. Sparks as administratrix of her son's estate. Movant then filed a copy of the fraudulent order in the wrongful death action which was pending in United States District Court for the Eastern District of Kentucky.

Subsequently, Ms. Sparks filed a legal malpractice action against movant in the same U.S. District Court, alleging, *inter alia,* that movant failed to timely obtain an order appointing her administratrix of her son's estate for the purposes of the wrongful death action. It was during the course of Ms. Sparks' malpractice action against movant that he procured perjured testimony from Larry Collins, the judge who aided movant in creating and backdating the order. Movant informed Collins that Collins would be deposed for the purposes of the malpractice action, and movant instructed Collins to testify falsely regarding the date the order appointing Ms. Sparks administratrix was filed.

Subsequently, on January 7, 1998, movant pleaded guilty in U.S. District Court to procuring the perjured testimony of Larry Collins in violation of 18 U.S.C. § 1621. By virtue of this guilty plea, movant was automatically temporarily suspended pursuant to SCR 3.166, by order of this Court effective January 9, 1998. On February 3, 1998, the KBA Inquiry Tribunal issued a complaint (SCR 3.160(2)) against movant alleging that movant violated SCR 3.130–8.3(b) and (c).[1] Movant acknowledges in his motion that his admitted criminal conduct violates SCR 3.130–8.3(b) and (c).

For the foregoing reasons, movant's motion for resignation under terms of disbarment is granted. It is hereby further ordered that:

1. The movant, James Wiley Craft, shall not practice law in the Commonwealth of Kentucky subsequent to his disbarment unless or until he is reinstated as a member of the Kentucky Bar Association by order of the Supreme Court of Kentucky. This Order supersedes our previous order by which movant was temporarily suspended.

---

1. It should be noted that movant moved to resign under terms of disbarment before a formal charge could be brought against him by the KBA Inquiry Tribunal. The KBA maintains that sufficient grounds existed for such a charge to be brought against movant.

2. Movant may seek reinstatement of his membership in the Kentucky Bar Association and his license to practice law under the provisions of SCR 3.520, reinstatement in case of disbarment, or any controlling amendment to SCR 3.520.

3. In accordance with SCR 3.450 and SCR 3.480(3), movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $2.77, and for which execution may issue from this Court upon finality of this opinion and order.

4. Pursuant to SCR 3.390, movant shall, within ten (10) days from the entry of this Order, notify all clients in writing of his inability to represent them, and also notify all courts in which he had matters pending of his resignation under terms of disbarment, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

5. Movant shall not seek reinstatement of his license to practice law pursuant to SCR 3.520 so long as there are any outstanding claims or judgments pending against him which arise from his acknowledged misconduct, including any payments made to any client or other entity by or on behalf of the Clients' Security Fund of the Kentucky Bar Association.

All concur.

ENTERED: June 18, 1998.

/s/ Robert F. Stephens
    Chief Justice